JOHN W. HUBER, United States Attorney (#7226)
J. DREW YEATES, Assistant United States Attorney (#9811)
MICHAEL J. THORPE, Assistant United States Attorney (#11992)
BRYAN N. REEVES, Assistant United States Attorney (#DC 994799)
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ISIDRO ROJAS,<br><br>Defendant. | Case No. 2:20-cr-182 DBB<br><br>APPEAL OF ORDER OF MAGISTRATE JUDGE RELEASING DEFENDANT PENDING TRIAL<br><br>District Judge David B. Barlow<br>Magistrate Judge Jared C. Bennett |

The United States, through the undersigned Assistant United States Attorney, pursuant to 18 U.S.C. § 3145(a), appeals Magistrate Judge Jared C. Bennett's order placing Mr. Rojas on pretrial release with conditions.[1] The standard of review is *de novo*.[2] The United States requests that the review be expedited because Defendant is currently detained.

---

[1] Dkt. No. 61.
[2] DUCrimR 57-16(a)(1).

1

**Procedural History**

Defendant was charged in a Superseding Indictment on July 23, 2020, with Arson in Interstate Commerce in violation of 18 U.S.C. § 844(i).[3] The crime is punishable by a maximum term of imprisonment of 20 years and carries a minimum-mandatory penalty of 5 years in prison. The United States filed a motion seeking detention on July 31, 2020.[4]

An initial appearance and detention hearing was held before the Honorable Magistrate Judge Bennett on August 4, 2020, wherein the court ordered Defendant released on conditions.[5] The court stayed the order pending resolution of the appeal to the District Court.[6]

The United States appeals the order of release.

**Legal Authority for Appeal**

This appeal is authorized by 18 U.S.C. § 3145(a) and the following local rule:

**DUCrimR 57-16(a)(1) – Appeal of Magistrate Judge Orders**
**Preliminary Criminal Matters**
    (1)    Release and Detention Orders.  Any party is entitled to appeal a magistrate judge's order releasing or detaining a defendant under 18 U.S.C. §§ 3143 et seq.  The appeal will be a timely scheduled de novo review by the assigned district judge.

---

[3] Dkt. No. 52.
[4] Dkt. No. 59.
[5] Dkt. Nos. 61 and 62.
[6] Dkt. No. 63.

2

Pursuant to the local rule and 18 U.S.C. § 3145(a), which allows review of a release order, the United States is appealing the Magistrate Judge's order releasing Defendant on conditions prescribed by 18 U.S.C. § 3142(c).

When the United States requests detention of a defendant pending trial pursuant to 18 U.S.C. § 3142(f), the judicial officer holds a hearing to determine "whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(f). In short, the Court must determine whether Defendant is a manageable risk of non-appearance and whether he poses a manageable danger to the community. The factors the Court should consider in making that determination are set forth in 18 U.S.C. § 3142(g).

### The Magistrate Judge's Order Should Be Reversed

Defendant should be detained pending trial because he presents both a serious and credible danger to the community and an unmanageable risk of nonappearance, neither of which can be managed through a combination of conditions. In addition to the brief argument below, the United States respectfully incorporates the proffer and argument contained in its' motion for detention.[7]

The factors in § 3142(g) – including the nature and circumstances of the offense, the weight of the evidence, the history and circumstances of Defendant, and the nature

---

[7] Dkt. No. 59.

3

and seriousness of the danger to any person or the community that would be posed by Defendant's release – all strongly favor detention. Moreover, Congress recognizes that Arson in violation of 18 U.S.C. § 844(i) – the offense with which Defendant has been charged – poses a special risk of danger to the community. As such, it established a rebuttable presumption of detention for such an offense pursuant to 18 U.S.C. § 3142(e)(3). The "rebuttable presumption" of detention is not a "bursting bubble" and does not evaporate when a defendant produces something. *See United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). Defendant's crime was very dangerous and placed a crowd of people in physical jeopardy.

The court should be concerned that Defendant appears to have been less than candid with the pretrial services officer who prepared the Pretrial Services Report. For instance, the report evidences a lack of candor in regard to Defendant's education, his mental health, and his substance abuse.

Finally, the court should find troubling Defendant's pattern of failing to appear at court proceedings, failing to comply with court orders, and willfully violating the mandates of Utah's Driver's License Division. Indeed, Defendant has a history of snubbing his nose at the law – an unfortunate disposition that portends poor performance on pretrial release.

For these and other reasons, the Court should order Defendant detained pending trial because each of the Section 3142(g) factors weighs heavily against his release and

because he has failed to overcome the presumption of detention Congress has found necessary for the alleged offense.

    Dated this 4th day of August, 2020.

                                        JOHN W. HUBER
                                        United States Attorney

                                        /s/ *J. Drew Yeates*
                                        J. DREW YEATES
                                        MICHAEL J. THORPE
                                        BRYAN N. REEVES
                                        Assistant United States Attorneys